IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COMPASS BANK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-18-3946 |
| | § | |
| PATRICK KELLER, and | § | |
| THOMAS CARROLL, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Compass Bank has sued Patrick Keller and Thomas Carroll, asserting claims of trade-secret theft, fiduciary-duty breach, contract breach, and tortious interference. Keller and Carroll have moved to dismiss under the Texas Citizens Participation Act, which states that it is intended "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government." TEX. CIV. PRAC. & REM. CODE § 27.002. The Act creates "a two-step procedure to expedite the dismissal of claims brought to intimidate or to silence a defendant's exercise of these First Amendment rights." *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 898 (Tex. 2017). Keller and Carroll have also moved to stay discovery until the court has ruled on their motion. Compass Bank has responded to the motions, arguing that the Act does not apply to actions brought in federal court and that its complaint alleges enough facts to state plausible claims. (Docket Entry Nos. 21, 25).

When a defendant moves to dismiss under the Act, discovery must be "suspended until the court has ruled on the motion," unless "good cause" has been shown for "specified and limited discovery relevant to the motion." TEX. CIV. PRAC. & REM. CODE §§ 27.003(c), 27.006(b). It is unsettled whether, or under what circumstances, the Act applies to actions brought in federal court.

*See Cuba v. Pylant*, 814 F.3d 701, 718 (5th Cir. 2016) (Graves, J., dissenting) ("I conclude that the [Act] is not applicable in federal court."); *Culbertson v. Lykos*, 790 F.3d 608, 631 (5th Cir. 2015) ("We have not specifically held that the TCPA applies in federal court; at most we have assumed without deciding its applicability."). *But see Abbas v. Foreign Policy Grp., LLC*, 783 F.3d 1328, 1337 (D.C. Cir. 2015) (Kavanaugh, J.) ("A federal court exercising diversity jurisdiction . . . must apply Federal Rules 12 and 56 instead of the D.C. Anti-SLAPP Act's special motion to dismiss provision.").

Because of this issue, which the Fifth Circuit has not resolved, the court exercises its discretion to stay discovery pending the motion's resolution. *See In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990) ("The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation, which includes authority to control the scope and pace of discovery."). The parties should be prepared to argue the motion to dismiss, focusing on the Act's application in federal court, at the initial conference scheduled for **February**, **22**, **2019**, which will now be reset for **2:00 p.m.**, as well as to discuss their Joint Case Discovery and Case Management Plan.

SIGNED on January 30, 2019, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge